HENRY E. BRUNDAGE, Respondent, *v.* RUTH M. McCORMICK, Appellant.

*Employment to procure a purchaser of real estate — compensation for services in effecting an exchange.*

In an action brought to recover the value of services rendered in procuring a sale of real estate under an employment by the owner, proof that the employment was only to produce a purchaser, that the plaintiff introduced a party to the defendant, and that an agreement, which resulted in an exchange of properties, was brought about between the defendant and such party by a third person acting for the plaintiff, is sufficient to support a verdict in favor of the plaintiff.

APPEAL by the defendant, Ruth M. McCormick, from an order of the County Court of Kings county, made on the 23d day of July, 1892, and from a judgment entered on said order in the office of the clerk of Kings county on the 5th day of August, 1892, affirming a judgment in favor of the plaintiff given, made and docketed in the Justice's Court of the third district of the city of Brooklyn on the 25th day of October, 1890.

The action was brought to recover the sum of $115, with interest, as the reasonable worth, at the rate of one per centum upon the exchange price of the defendant's premises, of procuring the exchange of real estate belonging to the defendant for real estate of one William Gibson, under an employment by the defendant of the plaintiff, as alleged in the complaint, to find a purchaser for the defendant's land or some one who would exchange improved property for it.

*D. Nemirs,* for the appellant.

*J. R. McDivitt,* for the respondent.

BARNARD, P. J.:

The complaint in this case avers that the plaintiff was employed by the defendant to find a purchaser for a lot of land she owned in the city of Brooklyn, and that he was the procuring cause of a sale under the employment. The answer avers a termination of the agency before sale and contains a denial that the plaintiff was the procuring cause of the sale. The employment was only to produce

a purchaser, and the proof shows that the plaintiff introduced one Gibson to the defendant, to whom she subsequently sold the prop. erty. The defendant gave evidence tending to show that the first effort to sell to Gibson failed, and that he subsequently reduced the value of his property which was to be exchanged for defendant's property and took the deed. The plaintiff and one Grant occupy the same offices and there is proof that Grant subsequently to the failure to make a sale conducted the negotiations for Gibson. All the parties were fully examined before the jury and they found for the plaintiff. The question is one of fact. There is proof enough to sustain the finding if it be credited. The plaintiff was employed to find a purchaser. He introduced Gibson to the defendant. Gibson asked too much for his property. Grant subsequently conducted the negotiations for the plaintiff which finally resulted in an exchange. The buyer and seller were brought to an agreement through plaintiff and Grant acting for him and his title to the commission was made out. (*Lloyd* v. *Matthews*, 51 N. Y. 124.)

The exceptions are not sufficient to reverse the judgment.

The question excluded at folios 64 and 65 as to the agreement between plaintiff and Grant as to the commission, was admitted at folios 113 and 114.

The question put to the witness Grant at folio 120 was needless. The negotiations were renewed by Grant upon plaintiff's promise to compensate him and because Mr. Nemirs declined to negotiate with plaintiff. The facts were proven.

The question rejected was but an inference from them.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.